1   Jeffrey R. Witham (SBN 116392)
    jwitham@mmwf.com
2   Jennifer S. Grock (SBN 245671)
    jgrock@mmwf.com
3   McLEOD & WITHAM LLP
    300 South Grand Ave., Suite 2525
4   Los Angeles, CA 90071
    Tel:  (213) 627-3600
5   Fax: (213) 627-6290

6
    Attorneys for Defendant
7   VINEE MEHTA

8
                UNITED STATES DISTRICT COURT FOR THE
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  THOMAS NEAL STERCHI, JR., an          Case No. 3:17-cv-01097-AJB-WVG
    individual; and KRISTINE STERCHI, an  Hon. Anthony J. Battaglia
13  individual,
                                          **DEFENDANT VINEE MEHTA'S**
14          Plaintiffs,                    **ANSWER TO COMPLAINT**

15  vs.

16  WILLIAM M. MALLOY, III, an individual;
    MWM 1835, LLC, a Delaware Limited
17  Liability Company doing business in San   **DEMAND FOR JURY TRIAL**
    Diego; VINEE MEHTA, an individual; and
18  DOES 1 -25, inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28

            **DEFENDANT VINEE MEHTA'S ANSWER** TO COMPLAINT

1

## ANSWER TO COMPLAINT

2      Answering the Complaint of Plaintiffs Thomas Neal Sterchi, Jr. and Kristine

3  Sterchi ("Plaintiffs"), Defendant Vinee Mehta ("Mehta" or "Defendant") admits, denies

4  and alleges as follows:

5

## RESPONSES TO PLAINTIFFS' ALLEGATIONS

6      1.    Responding to ¶1, Mehta admits that Mr. Sterchi is an individual over the age

7  of eighteen who resided in San Jose, California. Except as expressly admitted herein,

8  Mehta lacks sufficient information or belief to respond to the remaining allegations of this

9  paragraph and on that basis denies them.

10     2.    Responding to ¶2, Mehta admits that Mrs. Sterchi is an individual over the

11  age of eighteen who resided in San Jose, California. Except as expressly admitted herein,

12  Mehta lacks sufficient information or belief to respond to the remaining allegations of this

13  paragraph and on that basis denies them.

14     3.    Responding to ¶3, Mehta admits that William M. Malloy, III is an individual

15  over the age of eighteen who resided in San Diego, California and that Malloy was

16  affiliated with MWM 1835, LLC ("MWM"). Except as expressly admitted herein, Mehta

17  lacks sufficient information or belief to respond to the remaining allegations of this

18  paragraph and on that basis denies them.

19     4.    Responding to ¶4, Mehta admits that MWM is a Delaware limited liability

20  company located at 1268 Prospect St., La Jolla, California, that MWM was authorized to

21  do business in California and that it transacted business within San Diego County,

22  California. Except as expressly admitted herein, Mehta lacks sufficient information or

23  belief to respond to the remaining allegations of this paragraph and on that basis denies

24  them.

25     5.    Responding to ¶5, Mehta admits that at all relevant times he was employed

26  by MWM and that he provided services as an investment adviser to Plaintiffs. Except as

27  expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

28

6.      Responding to ¶6, to the extent a response is required, Mehta denies the allegations of this paragraph.

7.      Mehta denies the allegations of Paragraph 7.

## RESPONSES TO SUMMARY ALLEGATIONS

8.      Mehta denies the allegations of Paragraph 8.

9.      Mehta denies the allegations of Paragraph 9.

## RESPONSES TO JURISDICTION AND VENUE

10.     Responding to Paragraph 10, Mehta admits that the Superior Court of California for the County of San Diego has personal jurisdiction as to him and that the case was properly removed to this Court. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

11.     Mehta admits that venue is proper in this judicial district. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

## RESPONSES TO FACTUAL ALLEGATIONS

12.     Responding to ¶12, Mehta lacks sufficient information or belief to respond to the allegations of this paragraph and on that basis denies them.

13.     Responding to ¶13, Mehta lacks sufficient information or belief to respond to the allegations of this paragraph and on that basis denies them.

14.     Responding to ¶14, Mehta admits that he communicated with Mr. Sterchi regarding the potential for MWM to provide services to the Sterchis. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

15.     Responding to ¶15, Mehta admits that the Sterchis told him that they wanted to purchase a home and remodel their kitchen in the future and that they had had a bad investment experience. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

16.     Responding to ¶16, Mehta admits that he recommended Income Opportunity Capital, LLC as one of several investment choices to Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

DEFENDANT VINEE MEHTA'S ANSWER TO COMPLAINT

17. Responding to ¶17, Mehta admits that Plaintiffs invested $200,000 in Income Opportunity Capital, LLC on or about July 23, 2014. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

18. Mehta denies the allegations of Paragraph 18.

19. Responding to ¶19, Mehta lacks sufficient information or belief to respond to the allegations of this paragraph and on that basis denies them.

20. Mehta denies the allegations of Paragraph 20.

21. Responding to ¶21, Mehta admits that the U.S. Department of Education imposed a $30 million fine on Corinthian Colleges, that Corinthian Colleges closed its remaining campuses in or about April of 2015 and that Corinthian Colleges filed for bankruptcy in or about May of 2015.  Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

22. Responding to ¶22, Mehta admits that he discussed a direct investment in Aequitas with Plaintiffs.  Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

23. Responding to ¶23, Mehta admits that Plaintiffs invested $100,000 in Aequitas Commercial Finance, LLC on or about June 3, 2015. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

24. Responding to ¶24, Mehta admits that MWM advised Plaintiffs that the Income Opportunity Capital, LLC Fund was being closed; that Plaintiffs would have the option of investing directly in Aequitas or withdrawing their investment; and that Plaintiffs chose to invest directly in Aequitas. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

25. Responding to ¶25, Mehta admits that MWM advised Plaintiffs that the Income Opportunity Capital, LLC Fund was being closed; that Plaintiffs would have the option of investing directly in Aequitas or withdrawing their investment; that Plaintiffs chose to invest directly in Aequitas; that Plaintiffs received a new promissory note for their investment in Aequitas Commercial Investment, LLC in the amount of

DEFENDANT VINEE MEHTA'S ANSWER TO COMPLAINT

approximately $198,757; and that Plaintiffs invested $200,000 in Income Opportunity Capital, LLC in 2014. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

26.     Mehta denies the allegations of Paragraph 26.

27.     Responding to ¶27, Mehta lacks sufficient information or belief to respond to the allegations of this paragraph and on that basis denies them.

28.     Responding to ¶28, Mehta admits that MWM sent a letter to Plaintiffs on or about February 24, 2016, the terms of which speak for themselves.  Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

29.     Responding to ¶29, Mehta admits that the SEC filed a lawsuit against several Aequitas entities and individuals on or about March 10, 2016; that the SEC requested and obtained the appointment of a receiver; and that MWM sent a letter dated March 17, 2016 to Plaintiffs advising them of the lawsuit and appointment of a receiver. Except as expressly admitted herein, Mehta lacks sufficient information or belief to respond to the allegations of this paragraph and on that basis denies them.

30.     Mehta denies the allegations of Paragraph 30.

31.     Mehta denies the allegations of Paragraph 31.

32.     Responding to ¶32, Mehta admits that he owed Plaintiffs a fiduciary duty when he was acting as an investment adviser. Except as expressly admitted herein, Mehta denies the remaining allegations of this paragraph.

33.     Responding to ¶33, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

34.     Mehta denies the allegations of Paragraph 34.

## RESPONSE TO FIRST CAUSE OF ACTION

35.     Responding to ¶35, Mehta incorporates by reference his responses to Paragraphs 1-34, as if fully set forth herein.

36.     Mehta denies the allegations of Paragraph 36.

**DEFENDANT VINEE MEHTA'S ANSWER** TO COMPLAINT

37.    Mehta denies the allegations of Paragraph 37.

38.    Mehta denies the allegations of Paragraph 38.

39.    Mehta denies the allegations of Paragraph 39.

40.    Mehta denies the allegations of Paragraph 40.

41.    Mehta denies the allegations of Paragraph 41.

## RESPONSE TO SECOND CAUSE OF ACTION

42.    Responding to ¶42, Mehta incorporates by reference his responses to Paragraphs 1-41, as if fully set forth herein.

43.    Mehta denies the allegations of Paragraph 43.

44.    Mehta denies the allegations of Paragraph 44.

45.    Mehta denies the allegations of Paragraph 45.

46.    Mehta denies the allegations of Paragraph 46.

47.    Mehta denies the allegations of Paragraph 47.

48.    Mehta denies the allegations of Paragraph 48.

## RESPONSE TO THIRD CAUSE OF ACTION

49.    Responding to ¶49, Mehta incorporates by reference his responses to Paragraphs 1-48, as if fully set forth herein.

50.    Responding to ¶50, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

51.    Mehta denies the allegations of Paragraph 51.

52.    Mehta denies the allegations of Paragraph 52.

53.    Mehta denies the allegations of Paragraph 53.

54.    Responding to ¶54, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

55.    Mehta denies the allegations of Paragraph 55.

56.    Mehta denies the allegations of Paragraph 56.

## RESPONSE TO FOURTH CAUSE OF ACTION

57.   Responding to ¶57, Mehta incorporates by reference his responses to Paragraphs 1-56, as if fully set forth herein.

58.   Responding to ¶58, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

59.   Mehta denies the allegations of Paragraph 59.

60.   Responding to ¶60, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

61.   Mehta denies the allegations of Paragraph 61.

62.   Mehta denies the allegations of Paragraph 62.

63.   Mehta denies the allegations of Paragraph 63.

64.   Mehta denies the allegations of Paragraph 64.

## RESPONSE TO FIFTH CAUSE OF ACTION

65.   Responding to ¶65, Mehta incorporates by reference his responses to Paragraphs 1-64, as if fully set forth herein.

66.   Responding to ¶66, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

67.   Mehta denies the allegations of Paragraph 67.

68.   Mehta denies the allegations of Paragraph 68.

69.   Mehta denies the allegations of Paragraph 69.

70.   Responding to ¶70, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

71.   Mehta denies the allegations of Paragraph 71.

## RESPONSE TO SIXTH CAUSE OF ACTION

72.    Responding to ¶72, Mehta incorporates by reference his responses to Paragraphs 1-71, as if fully set forth herein.

73.    Responding to ¶73, Mehta admits that he was acting as an employee of MWM in his dealings with Plaintiffs. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

74.    Mehta denies the allegations of Paragraph 74.

75.    Mehta denies the allegations of Paragraph 75.

76.    Mehta denies the allegations of Paragraph 76.

77.    Mehta denies the allegations of Paragraph 77.

## RESPONSE TO SEVENTH CAUSE OF ACTION

78.    Responding to ¶78, Mehta incorporates by reference his responses to Paragraphs 1-77, as if fully set forth herein.

79.    Responding to ¶79, Mehta admits that he owed Plaintiffs a fiduciary duty when acting as an investment adviser. Except as expressly admitted herein, Mehta denies the remaining allegations in this paragraph.

80.    Mehta denies the allegations of Paragraph 80.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

81.    Each claim of Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

DEFENDANT VINEE MEHTA'S ANSWER TO COMPLAINT

82.     Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations, including without limitation 28 U.S.C. § 1658, Cal. Corp. Code § 25506 and Cal. Civ. Proc. Code § 339.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

83.     Plaintiffs' Complaint is barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Intervening Acts)

84.     Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which this answering Defendant had no responsibility.  Such acts or omissions constitute intervening or superseding causes of the damages, if any, sustained by Plaintiffs for which this answering Defendant is not responsible at law or in fact.

### FIFTH AFFIRMATIVE DEFENSE
(Comparative Fault)

85.     Plaintiffs' alleged damages, if any, must be reduced, diminished or barred against this answering Defendant in proportion to the damages of Plaintiffs, if any, caused or contributed to by the wrongful or negligent conduct of persons or entities for which this answering Defendant is not responsible.

### SIXTH AFFIRMATIVE DEFENSE
(Due Diligence)

86.     At all relevant times, this answering Defendant exercised reasonable due

diligence with respect to the allegations asserted against him in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

87.    At all relevant times, this answering Defendant acted in good faith and did not directly or indirectly induce any alleged wrongful conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Knowledge)

88.    Plaintiffs had actual or constructive knowledge of some or all of the acts or omissions alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

89.    Plaintiffs knew that the investments at issue involved risk and voluntarily assumed such risk.

## TENTH AFFIRMATIVE DEFENSE

### (Public Knowledge)

90.    Some or all of the misstatements or omissions alleged in the Complaint were publicly known or would have been discovered through a reasonably diligent inquiry.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Future Statements)

91.    Some or all of the misstatements alleged in the Complaint constitute predictions of future events rather than statements of current facts.

## TWELFTH AFFIRMATIVE DEFENSE

(Safe Harbor)

92.     Sufficient warnings regarding the risks of the investments in question were provided to Plaintiffs before the investments were made.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Claims Subject to Arbitration)

93.     The claims raised by Plaintiffs in the Complaint are subject to mandatory, contractual arbitration provisions and thus the Complaint should be dismissed or stayed pending arbitration.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver of Jury Trial)

94.     Plaintiffs waived the right to jury trial in a subscription agreement relating to their claims herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

95.     This answering Defendant reserves the right to add, supplement or modify additional affirmative defenses that may arise as a result of discovery, factual investigation and trial preparation and conduct

### PRAYER FOR RELIEF

WHEREFORE, Defendant Vinee Mehta prays for judgment on Plaintiffs' Complaint as follows:

1.      That Plaintiffs take nothing by their Complaint;

2.      That judgment be entered in favor of this answering Defendant and against Plaintiffs;

3.      That the Complaint be dismissed in its entirety with prejudice against this

answering Defendant;

    4.     For costs of suit herein; and

    5.     For such other and further relief as the Court deems just and proper.

Dated: June 6, 2017                 McLEOD & WITHAM LLP


By: /s/ *Jeffrey R. Witham*
Jeffrey R. Witham

Attorneys for Defendant
VINEE MEHTA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY**

Defendant requests a jury trial on all causes of action to which he is entitled to trial by a jury.


Dated:  June 6, 2017                                    McLEOD & WITHAM LLP



                                                        By: /s/ *Jeffrey R. Witham*
                                                            Jeffrey R. Witham

                                                        Attorneys for Defendant
                                                        VINEE MEHTA

DEFENDANT VINEE MEHTA'S ANSWER TO COMPLAINT

1

### CERTIFICATE OF SERVICE

2    I hereby certify that on June 6, 2017, I electronically filed the foregoing with the Clerk of Court
3    using the CM/ECF system and I hereby certify that I have served upon Plaintiffs by mailing, postage
     prepaid, first class mail, a copy of such documents as shown below:

4    ### ANSWER OF DEFENDANT VINEE MEHTA

5    at the address indicated below:

6                          Erwin J. Shustak
                           Jessica L. Mackaness
7                  SHUSTAK REYNOLDS & PARTNERS, P.C.
                          401 West "A" Street
8                              Suite 2250
                       San Diego, California 92101
9                        Attorneys for Plaintiffs

10

11                           _____   */s/  Jeffrey R. Witham*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28