KILPATRICK TOWNSEND & STOCKTON LLP
NANCY L. STAGG (Bar No. 157034)
nstagg@kilpatricktownsend.com
12730 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 408-3931

KILPATRICK TOWNSEND & STOCKTON LLP
DAVID C. SMITH (DC Bar No. 998932)
*Admitted pro hac vice*
dcsmith@kilpatricktownsend.com
607 14th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-5865
Facsimile: (202) 508-5865
(Additional Counsel listed on signature page)

Attorney for Defendants/Counterclaim-Plaintiff
WILLIAM M. MALLOY, III and MWM 1835, LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NEAL STERCHI, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM M. MALLOY, III, et al.,<br><br>Defendants.<br><br>and<br><br>WILLIAM M. MALLOY, III,<br><br>Counterclaim Plaintiff, | Case No. 3:17-cv-01097-AJB-WVG<br><br>**ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III AND COUNTERCLAIM OF WILLIAM M. MALLOY, III; DEMAND FOR JURY TRIAL**<br><br>Honorable Anthony J. Battaglia<br>Demand for Jury Trial<br>Complaint Removed: May 30, 2017 |

v.

THOMAS NEAL STERCHI and

KRISTINE STERCHI,

        Counterclaim Defendants.

The Defendants MWM 1835, LLC ("MWM") and William Malloy, III ("Mr. Malloy"), responding to the correspondingly numbered allegations of the Complaint of Plaintiffs Thomas Neal Sterchi ("Mr. Sterchi") and Katherine Sterchi ("Mrs. Sterchi") (jointly "Plaintiffs"), allege and say as follows:

1. It is admitted, upon information and belief, that Mr. Sterchi is over the age of eighteen and resides in San Jose, California. It is further admitted that Mr. Sterchi is employed as a regional sales manager for Stryker Corporation. The remaining allegations of ¶ 1 of the Complaint are denied, it being specifically averred that Mr. Sterchi has considerable financial expertise, holding an MBA from Pepperdine University.

2. It is admitted that Mrs. Sterchi is over the age of eighteen, is a resident of San Jose, California, and is presently a stay-at-home mother. The remaining allegations of ¶ 2 of the Complaint are denied, it being specifically averred that Mrs. Sterchi has considerable financial expertise, holding a Bachelor's Degree in Business, Marketing and Economics from California Polytechnic State University, and, until recently, working in sales and managerial positions with Seagate Technology and Schering-Plough.

3. It is admitted that Mr. Malloy is over eighteen years of age and resides in the County of San Diego, California. The remaining allegations of ¶ 3 are denied.

4. It is admitted that MWM is a Delaware limited liability company, that at all relevant times it was located at 1268 Prospect St., La Jolla, California, and that it was authorized to do business in California and transacted business in San Diego County, California. All remaining allegations of ¶ 4 are denied.

5. It is admitted that Mr. Mehta is over eighteen years of age and resides in California. It is further admitted that he was associated with MWM and was the investment adviser for Plaintiffs. All remaining allegations of ¶ 5 are denied.

6. This paragraph does not relate to these Defendants and, therefore, no answer is required. To the extent an answer is necessary, the allegations of this paragraph are denied.

7. Denied.

**Summary and Nature of the Action**

8. Denied.

9. Denied.

**Jurisdiction and Venue**

10. It is admitted that the Superior Court of the State of California properly had personal jurisdiction over these Defendants and this Complaint was properly removed to this Court. All remaining allegations of ¶ 10 are denied.

11. Denied.

**Factual Allegations**

12. Admitted.

13. These Defendants lack information upon which to form a belief as to the truth of Plaintiffs' prior experience with a financial adviser. The remaining allegations are denied, except it is admitted that Plaintiffs entered into an investment advisory agreement with MWM.

14. It is admitted that Mr. Malloy put Mr. Sterchi in touch with Mr. Mehta. These defendants lack information upon which they can form a belief as to the truth

of the allegations regarding the contents of discussions with Mr. Mehta and, accordingly, they are denied.  All remaining allegations of ¶ 14 are denied.

15. Denied.

16. It is admitted that an investment in Series A shares of the Income Opportunity Capital Fund ("IOC") was recommended by Mr. Mehta and that the investment was appropriate for Plaintiffs' investment objectives as Plaintiffs represented them to be.  It is further admitted that IOC, at that time, was providing a return of 8%.  All remaining allegations of ¶ 16 are denied.

17. It is admitted that Plaintiffs executed a Subscription Agreement to purchase Series A interests in IOC which was accepted by IOC in August, 2014.  All remaining allegations of ¶ 17 are denied.

18. Denied.

19. Denied, it being specifically averred that Mr. Malloy had not been appointed by Aequitas to lead its expanded operation in San Diego or that he was, personally, the managing member of IOC.

20. Denied.

21. It is admitted that in or about April 26, 2015, Corinthian Colleges, Inc. ("Corinthian") closed its remaining locations and in May 2015 filed for bankruptcy.  It is further admitted that the Department of Education levied a $30 million fine against Corinthian for alleged wrongdoing. These defendants lack specific information regarding the finances of Aequitas as the information provided to accountants, investors and advisers regarding its finances were not accurate.  All remaining allegations are denied.

22. Denied, except it is admitted that Plaintiffs and Mr. Mehta discussed investing directly in an Aequitas related investment.

23. It is admitted that Plaintiffs invested $100,000 in Aequitas. The remaining allegations of ¶ 23 are denied.

24. Denied, except it is admitted that IOC was closed.

25. Denied, except it is admitted that Plaintiffs received a promissory note from Aequitas Commercial Investment, LLC in the amount of $198,757.32.

26. Denied.

27. These Defendants lack knowledge upon which to form a belief as to the truth of the allegations as to what Mr. Sterchi may have learned through the news. The remaining allegations are denied.

28. It is admitted that a letter was sent from Investor Services at MWM to Plaintiffs dated February 24, 2016. The remaining allegations are denied.

29. It is admitted that on March 10, 2016, the Securities and Exchange Commission ("SEC") filed a lawsuit against various Aequitas affiliated entities and executive management and requested appointment of a receiver, which was ultimately allowed. The remaining allegations of ¶ 29 are specifically denied, it being averred that MWM notified Plaintiffs of the SEC's action by letter dated March 17, 2016.

30. Denied.

31. Denied.

32. It is admitted that Mr. Mehta served as Plaintiffs' investment adviser and owed certain fiduciary duties. All remaining allegations are denied.

33. It is admitted that Mr. Mehta and Mr. Malloy served as authorized agents of MWM. All remaining allegations are denied.

34. Denied.

### First Cause of Action

**(Section 10(b) of the Exchange Act and Rule 10b-5)**

35. The responses of these Defendants to the allegations of ¶¶ 1-34 of the Complaint are incorporated herein by reference.

36. Denied.

37. Denied.
38. Denied.
39. Denied.
40. Denied.
41. Denied.

## Second Cause of Action

### (Violation of Cal. Corp. Code. § 25401)

42. The responses of these Defendants to the allegations of ¶¶ 1-41 of the Complaint are incorporated herein by reference.
43. Denied.
44. Denied.
45. Denied.
46. Denied.
47. Denied.
48. Denied.

## Third Cause of Action

### (Fraudulent Misrepresentation)

49. The responses of these Defendants to the allegations of ¶¶ 1-48 of the Complaint are incorporated herein by reference.
50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.

///

ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III
AND COUNTERCLAIM OF WILLIAM M. MALLOY, III
Case No. 3:17-cv-01097-AJB-WVG

6

## Fourth Cause of Action

### (Fraudulent Concealment)

57. The responses of these Defendants to the allegations of ¶¶ 1-56 of the Complaint are incorporated herein by reference.

58. Denied.

59. These Defendants admit that Mr. Mehta, as investment adviser, owed certain duties to Plaintiffs with respect to investment advice. All remaining allegations are denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## Fifth Cause of Action

### (Negligent Misrepresentation)

65. The responses of these Defendants to the allegations of ¶¶ 1-64 of the Complaint are incorporated herein by reference.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## Sixth Cause of Action

### (Negligent Concealment)

72. The responses of these Defendants to the allegations of ¶¶ 1-71 of the Complaint are incorporated herein by reference.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## Seventh Cause of Action

### (Breach of Fiduciary Duty)

78. The responses of these Defendants to the allegations of ¶¶ 1-77 of the Complaint are incorporated herein by reference.

79. Denied

80. Denied.

## Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 8(c), these Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Waiver of Claims)

Under the terms of the Subscription Agreement, Plaintiffs were required to submit any dispute to arbitration within one year of the event forming the basis for the dispute or the claims would be deemed waived. No claim has been submitted and the time for submitting any claim by Plaintiffs has lapsed.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Alternatively, Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, including the following:

- Plaintiffs' First Cause of Action (Violation of Section 10(b) of the Exchange Act & Rule 10b-5) is barred in whole or in part by the statute of limitations found in 28 U.S.C. § 1658;

ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III
AND COUNTERCLAIM OF WILLIAM M. MALLOY, III
Case No. 3:17-cv-01097-AJB-WVG

8

- Plaintiffs' Second Cause of Action (Securities Fraud; Violation of Cal. Corp. Code § 25401; Joint and Several Liability For Aiding and Abetting Pursuant To § 25504.1) is barred in whole or in part by the statutes of limitation found in Cal. Corp. Code § 25506 and Cal. Civ. Proc. Code § 339;

## THIRD AFFIRMATIVE DEFENSE
### (Laches and Waiver)

Plaintiffs' Complaint is barred in whole or in part by the doctrines of laches and waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening Acts)

Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which these answering Defendants had no responsibility. Such acts or omissions constitute intervening or superseding causes of the damages, if any, sustained by Plaintiffs for which these answering Defendants are not responsible in law or in fact.

## FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiffs' alleged damages, if any, must be reduced, diminished or barred against these answering Defendants in proportion to the damages of Plaintiffs, if any, caused or contributed to by the wrongful or negligent conduct of persons or entities for which these answering Defendants are not responsible.

## SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

At all relevant times, these answering Defendants acted in good faith and did not directly or indirectly induce any alleged wrongful conduct. Aequitas had a consistent track record of providing a high rate of return and the investments were

made only after the receipt of information indicating that the company remained financially sound.

### SEVENTH AFFIRMATIVE DEFENSE
### (Prior Knowledge)

Plaintiffs had actual or constructive knowledge of some or all of the acts or omissions alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs knew that the investments at issue involved risk and voluntarily assumed such risk.

### NINTH AFFIRMATIVE DEFENSE
### (Public Knowledge)

Some or all of the misstatements or omissions alleged in the Complaint were publicly known, or would have been readily discovered upon a reasonably diligent inquiry.

### TENTH AFFIRMATIVE DEFENSE
### (Future Statements)

Some or all of the misstatements alleged in the Complaint constitute predictions of future events rather than statements of current facts and are therefore not actionable.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

Sufficient warnings regarding the risks of the investments in question were provided to Plaintiffs before the investments were made.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Privity or Relationship)

Mr. Malloy did not act as the investment adviser for the Plaintiffs, and accordingly did not owe the Plaintiffs any duties in that capacity.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Absence of Joint and Several Liability)

The Complaint fails to allege any facts to support the assertion made therein that these answering Defendants should be held joint and severally liable with the other defendant in this action. In particular, the Complaint's alter ego allegations amount to no more than a "recitation of the elements."

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

On or about July 23, 2014, Plaintiffs executed a Subscription Agreement agreeing that any dispute arising from their agreement to purchase Series A shares of IOC shall be submitted to arbitration. That provision is plead as a complete bar to Plaintiffs' Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Waiver of Trial by Jury)

Under the terms of the Subscription Agreement executed by Plaintiffs, Plaintiffs' agreed to waive the right to trial by Jury.  Accordingly, Plaintiffs request for a trial by jury should be stricken.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Waiver of Right to Claim Punitive Damages)

Under the terms of the Subscription Agreement executed by Plaintiffs, they agreed to waive any claim for punitive damages or other damages in excess of actual damages. Accordingly, any request for damages in excess of actual damages should be stricken.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Plaintiffs subscribed to purchase Series A interests in the IOC Fund and, ultimately, to invest in Aequitas Private Notes based on certain affirmative representations. These representations included, among others, the following: that they were accredited investors within the meaning of Regulation D of the federal securities laws, that they had read the Private Placement Memorandum ("PPM"), including a description of the risks inherent in investing in IOC, that they had no need for liquidity in making the investment, and that they were not relying on representations in making the investment other than those encompassed in the PPM and Subscription Agreement. Plaintiffs would not be entitled to purchase interests in IOC, and ultimately in Aequitas, but for these representations. They made these representations solely so that they could receive a higher rate of return on their funds, which they did in fact receive until shortly before the Aequitas entities were placed into receivership. By reason of these representations upon which the Defendants' relied, Plaintiffs are estopped from asserting the allegations in their complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

These answering Defendants reserve the right to add, supplement or modify additional affirmative defenses that may arise as a result of discovery, factual investigation and trial preparation and conduct.

## Counterclaim

### (Contract; indemnification)

(By Mr. Malloy against all Plaintiffs-Counterclaim-Defendants)

Mr. Malloy hereby asserts the following Counterclaim against Plaintiffs Thomas Neal Sterchi and Kristine Sterchi:

///

ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III
AND COUNTERCLAIM OF WILLIAM M. MALLOY, III
Case No. 3:17-cv-01097-AJB-WVG

12

1. Defendant-Counterclaim Plaintiff Mr. Malloy is a citizen and resident of San Diego County, California.

2. Plaintiff-Counterclaim Defendant Mr. Sterchi resides in San Diego County, California. He is a sophisticated businessman, holding an MBA from Pepperdine University and having a high-level managerial position with Stryker Corporation.

3. Plaintiff-Counterclaim Defendant Mrs. Sterchi resides in San Diego County, California. She likewise is highly sophisticated in finance and business, holding a Bachelor's Degree in Business, Marketing and Economics from California Polytechnic State University, and, until recently, worked in sales and management for several large corporations.

4. On or about July 23, 2014, Plaintiffs subscribed to purchase Series A interests in the IOC Fund for the sum of $200,000. In subscribing to purchase those interests they executed a Subscription Agreement (the "Subscription Agreement") and a Prospective Investor Questionnaire. The execution of both documents was a condition of investing in IOC.

5. Based on the execution of the Subscription Agreement and Questionnaire and the representations made by Plaintiffs therein, on or about August 1, 2014, Plaintiffs' Subscription for Series A interests in the Fund was approved.

6. In the Subscription Agreement and Questionnaire, Plaintiffs made certain clear and unequivocal representations including the following:

    a. That they were accredited investors as that term is defined in Regulation D of the federal securities laws;

    b. That they had been furnished with and carefully read the PPM and the LLC Agreement associated with IOC;

///

///

   c. That they had "adequate means of providing for all [their] current and foreseeable needs and personal contingencies and [had] no need for liquidity in this investment;" and

   d. That they were not relying on any representations not set forth in the Subscription Agreement, PPM and LLC Agreement in making the investment.

 7. In reading the PPM the Plaintiffs also understood, among other things, that the IOC investment had a "high degree of risk," which risk included "loss of [their] entire investment."

 8. Under the terms of the Subscription Agreement, the Plaintiffs agreed, "to the fullest extent permitted by applicable law," to indemnify various persons and entities, including Mr. Malloy, from "any false representation" made by Plaintiffs in the Subscription Agreement in connection with the subscription for Series A interests. This included recovery of legal and other related expenses.

 9. If the allegations of the Complaint are true, Plaintiffs made material misrepresentations in their Subscription Agreement, including, among other things, that they had read the PPM, that they understood the risks inherent in the investment and that they had no need for liquidity in the investment. Plaintiffs would not have been permitted to purchase Series A interests in IOC and ultimately purchase Aequitas Private Notes had these the representations in the PPM not been made.

 10. Under the terms of the Subscription Agreement, Mr. Malloy is entitled to recover from Plaintiffs, jointly and severally, all damages that have been and will be incurred by reason of those misrepresentations, including all legal fees and expenses incurred in investigating and defending this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants William M. Malloy, III and MWM 1835, LLC pray for judgment on Plaintiffs' Complaint as follows:

 1. That Plaintiffs take nothing by their Complaint;

2. That judgment be entered in favor of these answering Defendants and against Plaintiffs;

3. That the Complaint be dismissed in its entirety with prejudice against these answering Defendants;

4. That Defendant William M. Malloy, III have and recover of Plaintiffs, jointly and severally, under the allegations of his counterclaim, plus interest.

5. For costs of suit herein, including attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

DATED: June 6, 2017            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Nancy L. Stagg*
    NANCY L. STAGG
    Attorney for Defendants
    WILLIAM M. MALLOY, III and
    MWM 1835, LLC

KILPATRICK TOWNSEND & STOCKTON LLP
DUSTIN T. GREENE (NC Bar No. 38193)
*Admitted pro hac vice*
dgreene@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 607-7432
Facsimile:   (336) 734-2612

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Defendants and Counterclaim Plaintiff William M. Malloy, III and MWM 1835, LLC demand a trial by jury as to all counts, claims or causes of action to which they are entitled:

DATED:  June 6, 2017    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Nancy L. Stagg*
    NANCY L. STAGG
    Attorney for Defendants
    WILLIAM M. MALLOY, III and
    MWM 1835, LLC

ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III
AND COUNTERCLAIM OF WILLIAM M. MALLOY, III
Case No. 3:17-cv-01097-AJB-WVG

16

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have served upon counsel for Plaintiffs by mailing, postage prepaid, first class mail, a copy of such document as shown below:

**ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III AND COUNTERCLAIM OF WILLIAM M. MALLOY, III; DEMAND FOR JURY TRIAL**

at the address indicated below:

>Erwin J. Shustak
>SHUSTAK REYNOLDS & PARTNERS, P.C.
>401 West "A" Street, Suite 2250
>San Diego, California 92101
>Attorney for Plaintiffs

>*/s/ Nancy L. Stagg*

12939493V.1

ANSWER OF DEFENDANTS MWM 1835, LLC AND WILLIAM M. MALLOY, III AND COUNTERCLAIM OF WILLIAM M. MALLOY, III
Case No. 3:17-cv-01097-AJB-WVG

17