Erwin J. Shustak, Esq. (CA Bar No. 119152)
shustak@shufirm.com
Jessica L. Mackaness, Esq. (CA Bar No. 272805)
jmackaness@shufirm.com
SHUSTAK REYNOLDS & PARTNERS, P.C.
401 West "A" Street, Suite 2250
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile:  (619) 615-5290

*Attorneys for Plaintiffs/Counterclaim-Defendants*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NEAL STERCHI, JR., an individual; and KRISTINE STERCHI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM M. MALLOY, III, an individual; MWM 1835, LLC, a Delaware Limited Liability Company doing business in San Diego; VINEE MEHTA, an individual; and DOES 1-25, inclusive,<br><br>    Defendants. | **CASE NO:** 3:17-cv-01097-AJB -WVG<br><br>**PLAINTIFFS/COUNTERCLAIM-DEFENDANTS THOMAS NEAL STERCHI, JR. AND KRISTINE STERCHI'S AMENDED ANSWER TO DEFENDANT/COUNTERCLAIM-PLAINTIFF WILLIAM M. MALLOY, III'S COUNTERCLAIM**<br><br>Judge: Honorable Anthony J. Battaglia<br>Complaint Filed:  May 30, 2017 |
| WILLIAM M. MALLOY, III,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>THOMAS NEAL STERCHI, JR., an individual; and KRISTINE STERCHI, an individual,<br><br>    Counterclaim-Defendants. | |

Plaintiffs/Counterclaim-Defendants Thomas Neal Sterchi, Jr. and Kristine Sterchi ("Plaintiffs"), herby respond to Defendant/Counterclaim-Plaintiff William M. Malloy, III's ("Malloy"), allegations using the same paragraph numbers that appear in the Counterclaim. All allegations not expressly admitted are denied.

## AMENDED ANSWER TO COUNTERCLAIM

1.      Plaintiffs admit the allegations in paragraph 1.

2.      Plaintiffs admit that Mr. Sterchi resides in California, that he obtained his MBA from Pepperdine University, and that he is employed at Stryker Corporation. Plaintiffs deny the remaining allegations in paragraph 2.

3.      Plaintiffs admit that Mrs. Sterchi resides in California, that she obtained a bachelor's degree from California Polytechnic State University, and previously worked in sales and management. Plaintiffs deny the remaining allegations in paragraph 3.

4.      Plaintiffs admit that on or about July 23, 2014, Plaintiffs purchased $200,000 of Series A interests in the IOC Fund, and executed a "Signature Page" relating to a subscription agreement and a prospective investor questionnaire for this investment. Plaintiffs deny the remaining allegations in paragraph 4.

5.      Plaintiffs lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 5 and on that basis denies them.

6.      Plaintiffs lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in paragraph 6 and on that basis denies them.

7.      Plaintiffs deny the allegations in paragraph 7.

8.      Plaintiffs deny the allegations in paragraph 8.

9.      Plaintiffs deny the allegations in paragraph 9.

10.      Plaintiffs deny the allegations in paragraph 10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

Plaintiffs deny each and every allegation within Malloy's Prayer for Relief and deny that Malloy is entitled to any relief from Plaintiffs or any injunctive relief.

## PLAINTIFFS' AFFIRMATIVE DEFENSES

Plaintiffs assert the following affirmative defenses to Malloy's Counterclaim, and reserve the right to assert additional affirmative defenses when and if, in the course of the investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.  Plaintiffs do not assume the burden of proof for any issue that would otherwise rest with Malloy.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Counterclaim does not state a cause of action upon which relief can be granted against Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

### (Intervening Acts)

Malloy's alleged damages, if any, were caused by the acts or omissions of himself or other persons or entities for which Plaintiffs had no responsibility.  Such acts or omissions constitute intervening or superseding causes of the damages, if any, sustained by Malloy for which Plaintiffs are not responsible in law or in fact.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

Malloy's alleged damages, if any, must be reduced, diminished or barred against Plaintiffs in proportion to the damages of Malloy, if any, caused or contributed to by the wrongful or negligent conduct of persons or entities for which Plaintiffs are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Full Performance)

Plaintiffs are informed and believe, and thereon aver, that they have fully or substantially performed any and all contractual obligations owed to Malloy.

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs are informed and believe that some or all of the purported causes of action in the Counterclaim, and any damages that may be awarded to Malloy, are subject to setoff, offset and/or recoupment.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs are informed and believe, and thereon aver, that Malloy would be unjustly enriched by recovering any sums alleged to be due and owing in the Counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Malloy's claims are barred in whole or in part because Plaintiffs acted in good faith and with a reasonable belief that their actions were lawful and appropriate at all times and places mentioned in the Counterclaim, based on all relevant facts and circumstances known by them at the time they so acted.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Contract)

Malloy's claims fail, in whole or in part, because the subscription agreement was not a contract between Malloy and Plaintiffs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH AFFIRMATIVE DEFENSE

### (Excused Performance)

Malloy's claims fail, in whole or in part, because, to the extent any contract existed between Malloy and Plaintiffs, Malloy failed to perform his obligations as required under the purported contract, such that Plaintiffs' obligation to perform was excused.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Malloy's claims fail, in whole or in part, because Malloy breached the implied covenant of good faith and fair dealing with regard to the purported contract by failing to act in good faith in accordance with the terms of the contract, and other actions, all of which constituted a breach of the contract, such that any award of damages should be reduced by the amount of Malloy's damages caused by Malloy's own conduct in breaching the implied covenant of good faith and fair dealing.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Impracticability)

Plaintiffs are informed and believe, and thereon aver, that their performance under any contract alleged in the Counterclaim was excused due to impossibility, impracticability, frustration of purpose, justification or other good and sufficient business reason.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

Plaintiffs reserve the right to add, supplement or modify additional affirmative defenses that may arise as a result of discovery, factual investigation and trial preparation and conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A.   That Malloy take nothing from Plaintiffs;

B.   For an award of Plaintiffs' costs of suit; and

C.   For such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for any and all claims for which they are so entitled.


DATED: June 29, 2017                Submitted by,

                                    SHUSTAK REYNOLDS & PARTNERS, P.C.
                                    ERWIN J. SHUSTAK, ESQ.
                                    JESSICA L. MACKANESS, ESQ.


                                    _____
                                    JESSICA L. MACKANESS, ESQ.

                                    401 West "A" Street, Suite 2250
                                    San Diego, CA 92101
                                    Telephone: (619) 696-9500
                                    Facsimile: (619) 615-5290

                                    *Attorneys for Plaintiffs/ Counterclaim-Defendants*